UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

McKENZIE-WILLAMETTE MEDICAL
CENTER, an Oregon nonprofit corporation,

       Plaintiff,

       v.

PEACEHEALTH , a Washington State
nonprofit corporation,

       Defendant.

Civil No. 02-6032-HA

ORDER

HAGGERTY, Chief Judge:

    Before this court is plaintiff's Motion for Attorney Fees and Expenses (Doc. # 322) and a Bill of Costs (Doc. # 324). Subsequent to these filings, this court denied plaintiff's previously filed motion for an Order compelling defendant to submit a response to plaintiff's Second Interrogatories to Defendant. At issue was plaintiff's inquiry as to the amount of legal

1 - ORDER

fees incurred by defendant through January 31, 2005 in connection with the defense of this lawsuit.

Defendant objects to the requested fees and to portions of the Bill of Costs, and plaintiff has filed a self-styled "Reply" to this briefing. Defendant asserts correctly that leave was required but not sought for plaintiff's supplemental filing, and defendant's subsequent "Memorandum In Opposition and Motion To Strike" (Doc. # 367) is granted on those grounds. This court also acknowledges that plaintiff's "Reply" could be construed as a request to reconsider this court's prior ruling denying discovery regarding defendant's amount of legal fees. Even if this supplemental request were asserted properly, the request lacks merit and would be denied. With the added benefit of now having plaintiff's Motion for Fees and defendant's objections before me, the lack of relevance regarding what defendant's counsel was paid in fees is plain.

With the supplemental briefing disposed of, the court turns now to plaintiff's fee and bill of costs request, and defendant's objections. These objections include assertions that plaintiff (1)is not entitled to an enhanced fee multiplier; (2) should not recover fees for a preliminary injunction motion that it never pursued or the permanent injunction request plaintiff withdrew with prejudice; (3) should receive no reimbursement for experts who were not court-appointed; and (4) should have fees reduced because of alleged "block billings," redundant and vague entries, and inadequate billing detail submitted by Thorp Purdy Jewett Urness & Wilkinson, P.C.

Plaintiff seeks an award of fees in the amount of $2,800,00.00, and related non-taxable costs totaling $620,030.32. The fees request is based in part upon calculations of regional and

national rates, and in part upon thousands of billable hours worked by "[a]n army of paralegals, summer clerks, and associates" who began by coding and reviewing the massive amount of documents in the case. Pl.s Memorandum in Support of Fee Petition at 5. Defendant acknowledges that the regular rates of plaintiff's counsel, though high, are reasonable for this case. Df.'s Objections to Plaintiff's Petition at 3. Defendant first challenges plaintiff's efforts to enhance that rate to bring it closer to a "national rate."

Counsel for plaintiff discloses that its total bill to its client as of April 10, 2005, was $1,812,250.24. Affidavit of Thomas M. Triplett, ¶ 16. The rates used to reach this total appear to be higher than those prevailing in the forum district at the time of the litigation, but are arguably lower than what some attorneys in some markets might have earned. This court has examined the parties' briefing, and the cited case law relied upon by both parties, and concludes that no further upward adjustment of the hourly rated charged in this matter is warranted.

Defendant next argues that there should be a twenty-five percent reduction in the award because of alleged billing improprieties. These allegations include claims of "block billing," redundancy, vagueness, and inefficiency. This court has examined the hundreds of pages of billing entries submitted. I conclude that there are examples of ambiguous block billing, apparently redundant billing, and vague billing entries sufficient to compel a reduction of ten percent in the final overall award.

Defendant's objection regarding plaintiff's proposed recovery of fees related to its aborted injunctive claims is also well-taken. I agree that plaintiff's fees should be reduced by a total of $115,000.00 for this reason.

This court also agrees with defendant that plaintiff is not entitled to recover fees charged by its expert. Therefore, plaintiff's recovery of non-taxable expenses must be reduced by $520,540.00. *See* Triplett Aff., ¶ 19.

Defendant also objects to $80,000.00 in fees claimed for plaintiff's business lawyer, Laurence Thorp, and his firm Thorp, Purdy, Jewett Urness & Wilkinson, P.C. This claim is supported by a sparse half-page attachment to the Triplett Affidavit. There being no evidence that this firm participated actively in the litigation, as required for recovery, this claim is denied.

Finally, defendant objects to fees charged for coding performed in-house by plaintiff's counsel, and for graphics production conducted in support of plaintiff's jury consultants. These objections are overruled.

In light of these rulings, plaintiff's fees award is calculated as follows:

- Plaintiff's counsel's total fees as of April 10, 2005: $1,812,250.24 (Triplett Aff., ¶ 16);
- Minus a reduction of fees related to plaintiff's aborted injunctive claims of $115,000.00; creating a subtotal of $1,697,250.24;
- Minus a reduction of $80,000.00 in fees claimed for plaintiff's business lawyer, Laurence Thorp, and his firm Thorp, Purdy, Jewett Urness & Wilkinson, P.C.; creating a subtotal of $1,617,250.24;
- Minus a ten percent reduction because of vague and redundant billing; creating a fees award total of $1,455,525.22.

Plaintiff's request for related non-taxable expenses of $620,030.32 is reduced by $520,540.00, the amount of plaintiff's rejected expert witness costs (*see* Triplett Aff., ¶ 19), for a total of $99,490.32.

**BILL OF COSTS**

Plaintiff submitted a Bill of Costs totaling $28,170.03. Of this, defendant agrees to a Bill of Costs in the amount of $8,597.84, and objects without explanation to requests of $312.23 for Court Reporter fees and $19,259.96 for deposition transcriptions. Federal Rule of Civil Procedure 54(d)(1) provides for an award of costs to the prevailing party. The rule "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). A district court must specify appropriate reasons for a refusal to award costs. *Id.*

Expenses that may be taxed as costs are enumerated in 28 U.S.C. § 1920 as follows:

1. Fees of the clerk and marshal;
2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
3. Fees and disbursements for printing and witnesses;
4. Fees for exemplification and copies of papers necessarily obtained for use in the case;
5. Docket fees under Section 1923 of this title; and
6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Although a district court has broad discretionary power to allow a prevailing party to recoup the costs of litigation, the court may not tax costs beyond those authorized by 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

This court has examined the supporting documentation explaining the amounts expended on the challenged costs for court reporters and deposition transcripts. The court is satisfied that these amounts were reasonably and necessarily incurred by plaintiff during the course of this litigation. Therefore, the court grants plaintiff's Bill of Costs in the amount of $28,170.03.

CONCLUSION

After consideration of plaintiff's Motion for Attorney Fees and Related Non-Taxable Expenses (Doc. # 322) and plaintiff's Bill of Costs (Doc. # 324), and a careful examination of the parties' related briefing, this court concludes that plaintiff is entitled to an award of fees in the amount of $1,455,525.22, plus an award for related non-taxable expenses of $99,490.32. Plaintiff's Bill of Costs is granted in the amount of $28,170.03. Because leave was required but not sought for plaintiff's supplemental filing, defendant's "Memorandum In Opposition and Motion To Strike" that supplemental filing (Doc. # 367) is granted.

IT IS SO ORDERED.

Dated this 14 day of November, 2005.

                                                 /s/Ancer L.Haggerty
                                                    Ancer L. Haggerty
                                             United States District Judge